RECEIVED
IN MONROE, LA
FEB 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-30018-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| HUEY LANE JENKINS | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the Court is Defendant Huey Lane Jenkins' motion for reconsideration of sentence [Doc. No. 21]. Defendant claims that the Court should split his sentence and defer payment of the $10,000 fine until Defendant is released from prison [Doc. No. 27]. The Government claims that the Court cannot modify or reduce Defendant's sentence [Doc. No. 28].

For the following reasons, Defendant's motion for reconsideration of sentence is DENIED.

Once a term of imprisonment has been imposed, the district court cannot modify or reduce the sentence unless a specific exception is met. 18 U.S.C. § 3582(c). A sentence can be modified upon motion of the Director of the Bureau of Prisons or consistent with a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). Under Federal Rule of Criminal Procedure 35, the district court can correct a clear technical error or reduce a sentence upon motion by the government for substantial assistance. Fed. R. Crim P. 35(a) and (b); 18 U.S.C. § 3582(c)(1)(B).

None of the exceptions are applicable to this case. Defendant asks the Court to reconsider the substantive claims he made in his motion for downward departure [Doc. No. 14].

However, the Court lacks the authority to reconsider the application or interpretation of sentencing guidelines or to change its mind about the appropriateness of the sentence. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

The Court also notes that Defendant's substantive claims are without merit.[1] Defendant claims that the Court treated Section 5C1.1(f) as mandatory. Section 5C1.1(f) states that "[i]f the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." U.S.S.G. § 5C.1.1(f). Defendant argues that under *United States v. Booker*, 543 U.S. 220 (2005), the guidelines are advisory, and the Court has the ability to take into consideration the sentencing options of community confinement under Section 5F1.1 and home detention under Section 5F1.2.

Although the Sentencing Guidelines are not mandatory, under *Booker* and Fifth Circuit precedent, courts must consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). *Booker*, 543 U.S. at 259-60; *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 43 (2005). The Court considered the factors set forth in § 3553(a), the nature of Defendant's possession of prohibited materials, and any other relevant and mitigating factors. However, the Court determined that Defendant's conduct was not distinguishable from the "heartland of similar cases" to warrant a downward departure.[2] Therefore, the Court declined to "split" Defendant's sentence consistent with the presumptively reasonable guideline range and term of imprisonment.

Accordingly, Defendant's motion for reconsideration of sentence [Doc. No. 21] is

---

[1] Defendant also claims that the Court considered factual matters outside the record, but does not identify any evidence the Court improperly considered.

[2] While Defendant claims that a split sentence for a Zone D offense does not constitute a downward departure, he provides no argument to support this claim.

2

DENIED.

MONROE, LOUISIANA, this \_\_\_9\_\_\_ day of February, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE